**Nicholas R. BALAZIK, Jr., Appellant,**

v.

**Azalea LeRoyce BALAZIK, Appellee.**

**No. 2–81–036–CV.**

Court of Appeals of Texas,
Fort Worth.

May 6, 1982.

Alexander & Tiffany and DeForrest N. Tiffany, Fort Worth, for appellant.

Catherine Adamski, Fort Worth, for appellee.

Before JORDAN, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

JORDAN, Justice.

This is an appeal from a purported final judgment rendered in a non-jury divorce case on September 23, 1981, involving custody of four children and division of community property.

We reverse and render.

A divorce decree was originally signed by the trial court on April 30, 1981, dissolving

the bonds of matrimony between these parties, appointing respondent as managing conservator of the couple's four children, making division of their community property, awarding respondent the sum of $586.00 per month as child support for the four children, to be paid by petitioner, and finally awarding respondent 63% of petitioner's military retirement benefits. Petitioner's retirement pay at that time was $1,456.39 taxable and $54.00 non-taxable for a total monthly benefit of $1,510.39, 63% of which was $951.54. This judgment of April 30, 1981, pre-dated the United States Supreme Court decision of June 26, 1981, in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which pre-empted the prior Texas rule as to military retirement benefits as community property, but left open the question of retroactive application of that decision.

On June 1, 1981, petitioner filed his Motion for New Trial, and on July 9, 1981, respondent filed her answer to petitioner's Motion for New Trial and her Motion for New Trial on the issue of division of the community property of the parties because of the McCarty decision. On July 10, 1981, petitioner filed a motion to withdraw his Motion for New Trial. (No action was ever taken on the motion to withdraw.) On that same day a hearing was held by the trial court, with the parties and their attorneys present, at which time a decision was made to hold a further hearing as to child support and division of community property on August 3, 1981. A docket entry to this effect was made but there was no written order signed by the court at this time.

On July 28, 1981, the court signed a written order embodying the nature and the results of the July 10, 1981, hearing. Because of its importance to this opinion the July 28, 1981, order is set out in haec verba:

### ORDER

On the 10th day of July, 1981, Respondent, AZALEA LEROYCE BALAZIK: Petitioner, NICHOLAS R. BALAZIK, JR.; and MINOR CHILDREN appeared by attorney and announced ready for trial.

The Court, having examined the pleadings and heard the evidence and argument of counsel regarding Petitioner's Motion for New Trial and Defendant's Answer to Motion for New Trial, finds that this court has jurisdiction of all the parties and subject matter of this cause.

IT IS ORDERED that this Court will redetermine the issue of custody, hearing evidence and argument on the issue since November 10, 1980; and argument on property division. This hearing will be held on August 3, 1981, at 9:30 a. m.

IT IS ORDERED that THOMAS WILSON LOWE be reappointed Attorney ad Litem for the minor children of the parties.

IT IS ORDERED that NICHOLAS R. BALAZIK, JR., pay to AZALEA LEROYCE BALAZIK child support in the amount of $1,245.00 per month with the first payment being due and payable on the 15th day of July, 1981, and a like payment being due and payable on the same day of each month until further order of this Court.

IT IS ORDERED that any payments from Air Force Retirement received by Respondent after July 10, 1981, will be applied toward the above-ordered child support.

IT IS FURTHER ORDERED that in all other respects, the Order of September 2, 1980 is reinstated.

SIGNED this 28th day of July, 1981.

/s/ John Hill
Judge Presiding

Another hearing was held on August 3, 4, and 5, 1981, at which time the Court made other rulings, changed the custody of the two older children from respondent to petitioner, increased the child support for the two younger children from the $586.00 per month previously ordered to $972.30 per month, and redistributed and changed the division of community property and debts from the previous judgment of April 30, 1981.

These changes were incorporated into a Decree of Divorce dated September 23, 1981, and it is from this judgment that respondent appeals.

In his points of error numbers one and four petitioner attacks the September 23, 1981, judgment because the court did not have jurisdiction at that time to enter that judgment, having then lost its plenary power to vacate, modify, correct, or reform the original decree of April 30, 1981, and because it had not granted a new trial by the terms of its order dated July 28, 1981. We agree with this contention and because of our disposition of this case on those points, petitioner's other points of error will not be considered.

The same question was involved in a case recently decided by this Court dated March 11, 1982, in Cause No. 2–82–029–CV, styled *Ex parte Nicholas R. Balazik, Jr.*, 631 S.W.2d 198, in a habeas corpus proceeding in which this Court held that an order of the trial court holding petitioner in contempt for failure to pay child support as ordered in the September 23, 1981, judgment was null and void because the judgment of September 23, 1981, itself was null and void.

The decision here, as in the habeas corpus proceeding referred to above, is controlled by certain provisions of Rule 329b, Texas Rules of Civil Procedure, as amended in 1981.

It is petitioner's contention that under Rule 329b, TRCP, as amended, the April 30, 1981, judgment became final 75 days after its date, because there was no written order determining his motion for new trial within that time, as prescribed by Rule 329b. Subdivisions (c) and (e) of that rule provide:

(c) In the event an original or amended motion for new trial is not *determined by written order signed within seventy-five days after the judgment is signed*, it shall be considered overruled by operation of law on expiration of that period.

. . . . . .

(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has *plenary power* to grant a new trial or to vacate, modify, correct, or reform the judgment *until thirty days after all such timely-filed motions are overruled*, either by a written and signed order or by operation of law, whichever occurs first. (emphasis ours.)

Respondent argues that the July 10, 1981, docket entry was within the 75 days after judgment and that the July 28, 1981, written order did grant the motion for new trial, in spite of petitioner's denial, and that such order did reform the April 30, 1981, judgment within the court's thirty day plenary power. We cannot agree with this contention.

The docket entry of July 10, 1981, could not, and did not determine a motion for new trial within the meaning of Rule 329b. *McCormack v. Guillot*, 597 S.W.2d 345 (Tex.1980). Before a court order or judgment may be vacated, set aside, modified, or amended, it must be done within the time period prescribed by the Rules of Civil Procedure and must be done by a written order which is express and specific. *McCormack, supra; Poston Feed Mill Company v. Leyva*, 438 S.W.2d 366 (Tex.Civ. App.—Houston [14th Dist.] 1969, writ dism'd). The order of July 28, 1981, set out above, although it was signed during the 30 days plenary power vested in the trial court under Rule 329b(e), is not an express and specific determination of the motion for new trial. Neither does it expressly and definitively vacate, set aside, modify, or amend the original divorce decree of April 30, 1981. The July 28 order does not even identify or mention the April 30 divorce judgment. The only finding in the July 28 order is that the court has jurisdiction of the parties and the subject matter. The motion, or motions for new trial, since both parties eventually filed motions for new trial, were never acted upon by the court in the July 28 order. The April 30, 1981, divorce judgment was never set aside, nor appealed. It thus became final.

The reason for the requirement of express written orders is stated in *Poston Feed Mill, supra*, at page 369: "Of necessity, a court must speak through its written orders. Where it has so spoken only a clear and unequivocal written order or expression by that court will vacate, set aside, modify or amend its first order. Any other rule

would be the parent of uncertainty for the orders of any court."

After a trial court's plenary power has expired, it has no jurisdiction to vacate or change its original judgment except by bill of review. Rule 329b(f); *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex.1974).

We hold that the second divorce judgment dated September 23, 1981, was null and void for the reasons above stated. *Poston Feed Mill, supra.* Because the April 30, 1981, judgment is the only proper judgment ever entered in this case; it stands, in its entirety, as written and signed by the court, including the provision therein awarding 63% of petitioner's military retirement benefits, past and future, to respondent herein. See *Erspan v. Badgett*, 659 F.2d 26 (5th Circ., 1981); *Wilson v. Wilson*, 667 F.2d 497, 5th Cir., 1982. In both of these cases it was held that *McCarty, supra*, does not overcome the res judicata effect of a prior final divorce decree apportioning military retirement benefits *among* husband and wife. In *Erspan* it was said: "Nothing in *McCarty* suggests that the Supreme Court therein intended to invalidate, or otherwise render unenforceable, prior valid and subsisting state court judgments. Absent some indication of such an intent, we decline to do so." Erspan involved a 1963 final divorce judgment of a Texas District Court and held that that judgment should not be denied its usual res judicata effect, since it settled not only the issues actually litigated, but also any issues that could have been litigated in that proceeding.

*Wilson v. Wilson, supra*, involved a 1970 final divorce decree out of a Travis County, Texas, District Court which awarded the wife part of the husband's military retirement pay. Again, the Court of Appeals, 5th Circuit, citing *Erspan, supra*, held that McCarty does not overcome the res judicata effect of the prior decision. The Court cited *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) where the Supreme Court stated: "the res judicata consequences of a final, unappealed judgment on the merits (are not) altered by the fact that the judgment may have been wrong or rested on a legal principal subsequently overruled in another case."

 We also hold that the April 30, 1981, divorce judgment which became final and which awarded the wife 63% of the husband's military retirement benefits will apply to all future retirement income received by the appellant herein. In *Wilson, supra*, it was said: "we believe that Erspan necessarily applies equally to future payments where, as here, a court some years before has entered a final judgment dividing marital property. The Travis County court's final, unappealed decision does not lose its binding effect as to the future payments by Andrew to Barbara."

The opinion of the Texas Supreme Court in *Trahan v. Trahan*, 626 S.W.2d 485 (Tex. 1981) is not contrary to our holding here because that case involved a direct appeal from a district court divorce judgment which had not become final.

The judgment is reversed and rendered for appellant.