Johnnie K. KOCIAN

v.

Shirley Jean KOCIAN.

No. 2–82–059–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 23, 1982.

Ferrara & Kensel, and James Ferrara, Fort Worth, for appellant.

Garrett & Burkett, and Michael R. Burkett, Fort Worth, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

Johnnie K. Kocian appeals a declaratory judgment upholding the validity of an agreed 1971 divorce decree which awarded forty percent (40%) of his military retirement benefits to his former spouse.

We affirm.

The facts were stipulated. Johnnie and Shirley Kocian were married for fifteen years until their divorce on September 9, 1971. The husband served in the United States Air Force for a period of twenty years until his retirement on April 1, 1971.

The 1971 decree of divorce awarded forty percent (40%) of Kocian's non-disability retirement benefits to his former spouse. No appeal was taken from that judgment. Kocian regularly paid the required amount of his benefits to his former spouse until July, 1981. The amounts presently payable are $244.12 per month.

On August 31, 1981, Shirley Kocian moved to hold her former spouse in contempt for failing to pay the amounts due her. Johnnie Kocian has, however, held the question of contempt in abeyance by depositing in an account the amounts due his former spouse pending the disposition of the declaratory judgment sought by him and appeal therefrom.

Johnnie Kocian contends the trial court erred in ruling that the Decree of Divorce awarding his former spouse 40% of his military retirement benefits is a valid and subsisting judgment which may not be collaterally attacked. Basis of the contention is the decision of the United States Supreme Court in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

*McCarty* does not have retroactive effect upon final decrees and judgments awarding military retirement benefits to one spouse. Mr. McCarty utilized the appellate process to attack such an award; Johnnie Kocian did not. The judgment in this case, dated 1971, is not void and therefore not subject to collateral attack. To similar effect are *Ex parte Rodriguez,* 636 S.W.2d 844 (Tex.App.—San Antonio 1982); *Ex parte Hovermale,* 636 S.W.2d 828 (Tex. App.—San Antonio 1982); overruling *Ex parte Buckhanan,* 626 S.W.2d 65 (Tex.App. —San Antonio 1981); *Ex parte Welch,* 633 S.W.2d 691 (Tex.App.—Eastland 1982); *Balazik v. Balazik,* 632 S.W.2d 939 (Tex.App.— Fort Worth 1982, no writ); *Ex parte Gaudion,* 628 S.W.2d 500 (Tex.App.—Austin 1982). *See also Wilson v. Wilson,* 667 F.2d 497 (5th Cir.1982); *Erspan v. Badgett,* 659 F.2d 26 (5th Cir.1981); *Erbe v. Eady,* 406 So.2d 936 (Ala.Civ.App.—1981); *In Re Marriage of Fellers,* 125 Cal.App.3d 254, 178 Cal.Rptr. 35 (1981); *Contra, Ex parte Acree,* 623 S.W.2d 810 (Tex.App.—El Paso 1981).

If this court's decision in *Balazik* did not dispose of the question presented, we hereby further adopt the rationale of the above-cited cases. No real distinction between this case and the decision of our sister courts has been raised, and further discussion of the issue would add nothing to the body of law of this State.