Patsy Sue SEGREST, Petitioner,

v.

Claude Harvey SEGREST, Jr.,
Respondent.

No. C–1818.

Supreme Court of Texas.

April 13, 1983.

Rehearing Denied May 25, 1983.

Derrel J. Luce, Waco, for petitioner.

Wash, Segrest & Ker, Philip R. Segrest, Waco, for respondent.

RAY, Justice.

This is an appeal from a suit filed for a declaratory judgment by a former husband seeking a determination of the validity and enforceability of a portion of a 1974 divorce decree. The decree incorporated a property settlement agreement treating military retirement benefits as part of the community estate of the parties. The trial court determined that pre-1981 divisions of military retirement pay are void and unenforceable in light of the United States Supreme Court decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The court of appeals affirmed.[1] We reverse the judgments of the courts below, dismiss Claude Segrest's causes of action and remand Patsy Segrest's counterclaim to the trial court for proceedings in accordance with our opinion.

Claude and Patsy Segrest were divorced on February 12, 1974. The decree of divorce incorporated a contractual property settlement agreement dividing Mr. Segrest's non-disability military retirement benefits. On June 26, 1981, the United States Supreme Court held that military retirement benefits were not divisible as community property in a state court. *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589. Thereafter, on or about August 1, 1981, Mr. Segrest discontinued payments to his former wife as required by the settlement agreement. The present proceedings were instituted on October 16, 1981. Mrs. Segrest counterclaimed, seeking enforcement of the pre-divorce contractual settlement agreement.

The trial court rendered judgment declaring both the portion of the 1974 decree awarding Patsy Segrest an interest in Claude Segrest's retirement pay and the incorporated predivorce property settlement agreement to be void and unenforceable. No statement of facts was filed in anticipation of appeal. The court of appeals summarily affirmed the trial court's judgment without addressing any of the points of error raised by Patsy, stating "[i]n the absence of a statement of facts, it must be presumed on appeal that the evidence introduced at the trial supports the findings and judgment of the court."

 The court of appeals erred in not considering Mrs. Segrest's points of error. Tex.R.Civ.P. 451. Rule 371 requires that a statement of facts be filed only where necessary to the appeal. Tex.R.Civ.P. 371. The rule applies to issues which require reference to the evidence and not to matters which are strictly questions of law. No issues of fact were raised at trial. While the court of appeals has not disposed of the points raised by petitioner, these points present only questions of law. We may, therefore, dispose of them now instead of requiring the parties to go back to the court of appeals and then possibly return here with a second application for writ of error. *McKelvy v. Barber*, 381 S.W.2d 59, 65 (Tex. 1964).

 Patsy Segrest, the petitioner, raises two points of error concerning the propriety of her former husband's suit. By her first point, Mrs. Segrest contends that a suit for declaratory judgment may not be used to collaterally attack a final judgment. It is well established that a voidable judgment is not open to collateral attack, but can only be corrected by direct review. *Ex*

---

1. The court of appeals decision is unpublished.

Tex.R.Civ.P. 452.

*parte Sutherland,* 526 S.W.2d 536 (Tex. 1975). Moreover, the right to declaratory relief is subject to the rule of *res judicata. Cornell v. Cornell,* 413 S.W.2d 385 (Tex. 1967). We must, therefore, determine the validity of the 1974 decree before determining the propriety of Mr. Segrest's action and the applicability of the doctrine of *res judicata.* By her second point of error, Mrs. Segrest contends that the *McCarty* decision does not command retroactive application, and as such the portion of the 1974 divorce decree dividing the military retirement benefit is merely *voidable,* not *void.* We agree.

A review of the relevant United States Supreme Court decisions indicates that *McCarty* was not intended to be retroactive. None of the cases involving the question of federal law preemption of state community property law indicate an intent to invalidate or otherwise render unenforceable in retroactive fashion all prior valid and subsisting state court judgments. *See Ridgway v. Ridgway,* 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981); *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589; *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Yiatchos v. Yiatchos,* 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964); *Free v. Bland,* 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962); *Wissner v. Wissner,* 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed.2d 424 (1950); *McCune v. Essig,* 199 U.S. 382, 26 S.Ct. 78, 50 L.Ed. 237 (1905).

In *Chevron v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court set out a three-pronged test for determining whether and to what extent a judicially modified or abrogated rule of law should be given retroactive operation: (1) whether the holding in question "decid[ed] an issue of first impression whose resolution was not clearly foreshadowed" by earlier cases; (2) "whether retrospective operation will further or retard [the] operation" of the holding in question; and (3) whether retroactive application "could produce substantial inequitable results" in individual cases. 404 U.S. at 105–08, 92 S.Ct. at 355–56. *See also Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* ——

U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *Cipriano v. City of Houma,* 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Great Northern Railway Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932).

■ The question as to what effect should be given a division of military benefits awarded in a final divorce decree was discussed in *Erspan v. Badgett,* 647 F.2d 550, *reh. denied en banc,* 659 F.2d 26 (5th Cir.1981), and *Wilson v. Wilson,* 667 F.2d 497 (5th Cir.1982), *cert. denied,* —— U.S. ——, 102 S.Ct. 3485, 73 L.Ed.2d 1368 (1982). *Erspan* involved an appeal from a judgment enforcing a decree finalized before *McCarty* was decided, and which divided retirement benefits. Relying on *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), the federal court of appeals held that the divorce decree was entitled to its usual *res judicata* effect. A final judgment settles not only issues actually litigated, but also any issues that could have been litigated. That the judgment may have been wrong or premised on a legal principle subsequently overruled does not affect application of *res judicata.* 659 F.2d at 28. *See Federated Department Stores, Inc. v. Moitie,* 452 U.S. at 398–99, 101 S.Ct. at 2427–28; *Trahan v. Trahan,* 626 S.W.2d 485, 487–88 (Tex.1981).

■ The holding of the Fifth Circuit Court of Appeals was the same in *Wilson.* The Wilsons were divorced in a Texas state court in 1970. Pursuant to an agreed property settlement agreement (as we have in the instant case), the trial court awarded Mrs. Wilson $226.25 per month from her husband's military retirement pay, which was to commence in 1971. No appeal was made from that judgment. Mrs. Wilson never received a payment, and brought a successful suit in federal court. On appeal, Mr. Wilson urged the same *McCarty* argu-

ment Mr. Segrest now presents to us. Citing 28 U.S.C.A. § 1738, which requires that final state judgments be accorded full faith and credit, the court of appeals concluded that the Texas state court judgment was *res judicata* of the suit at bar. 667 F.2d at 498.

Within the parameters established by *Chevron* and *Federated Department Stores,* we are persuaded to follow the decisions of the Fifth Circuit Court of Appeals in *Erspan* and *Wilson.* The decision in *McCarty* does not command retroactive application as to divorce decrees which were final before the Supreme Court announced its decision and which treat military retirement benefits as community property.[2] The *McCarty* decision, being a case of first impression, could not have been foreseen. Retroactive application would place an inequitable burden upon those ex-spouses for whom divisions of the community estate were based upon the assumption that military retirement benefits constituted a community asset.

■ Having determined that *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 does not operate retroactively, the Segrests' 1974 divorce decree should be viewed as being *erroneous* or *voidable,* as opposed to *void. Austin Independent School District v. Sierra Club,* 495 S.W.2d 878, 882 (Tex.1973). Consequently, the rule of *res judicata* is applicable. Mr. Segrest's suit for declaratory judgment is therefore not a remedy available to him to set aside the final decree of divorce rendered in 1974. *Sutherland v. Sutherland,* 560 S.W.2d 531, 533 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.). Being a final, unappealed and valid judgment, Mr. Segrest's suit for declaratory judgment constitutes both an improper as well as impermissible collateral attack upon the 1974 decree of divorce.

The judgments of the courts below are reversed and judgment is rendered dismissing Claude Segrest's suit for declaratory

judgment. That part of the judgment is severed. The portion of the case concerning Patsy Segrest's counter-claim for enforcement of the settlement agreement is remanded to the trial court to determine the amounts owed to her.

---

**2.** Title 10, section 1408 of the Department of Defense Authorization Act of 1983 makes *McCarty* nugatory with respect to its application to judgments rendered after the date of the decision. *Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982); 10 U.S.C.A. § 1408(c)(1); 128 *Cong.Rec.* H5999–6000 (daily ed. August 16, 1982, conference explanation).