Walter H. STEPHENS, Appellant,

v.

HENRY S. MILLER COMPANY, Appellee.

No. 05–83–01084–CV.

Court of Appeals of Texas, Dallas.

Jan. 16, 1984.

Rehearing Denied March 27, 1984.

Harry J. Martin, Jr., Bill C. Hunter, Hunter, Vineyard, Drake & Miller, Dallas, for appellant.

Joe B. Harrison, E. Stratton Horres, Jr., Gardere & Wynne, Dallas, for appellee.

Before GUITTARD, C.J., and STEWART and SHUMPERT, JJ.

PER CURIAM.

Appellee Henry S. Miller Company has filed a motion to dismiss this appeal for failure to file a bond within the time prescribed by rule 356 of Texas Rules of Civil Procedure. Appellant Stephens, the plaintiff below, was awarded liquidated damages, interest and attorney fees. The judgment by implication denied appellant's request for specific performance and his claims based on fraud, breach of fiduciary duty and negligence. After signing the judgment, the judge struck through his signature and the date, but later signed the same judgment again and gave it another date. Appellee argues that the time for appeal runs from the date of the first signing even though the judge attempted to vacate the judgment as first signed. We agree with appellee and grant the motion to dismiss.

The findings of fact filed by the trial court include the following:

63. The Final Judgment was signed on June 10, 1983. A Judgment which was identical to the Final Judgment, except for the date, was signed on March 22, 1983 (hereinafter referred to as the "March Judgment").

64. At the time the "March Judgment" was signed, the following notation was made on the Court's docket sheet:

March 22, 1983          Judgment

65. Before thirty days had elapsed following the signing of the "March Judgment," the date and signature on the "March Judgment" were scratched through. The Court's intent in making these changes was to void the "March Judgment." [2]

66. No Motion for New Trial, and no Motion to Modify, Correct, Vacate or Set Aside the "March Judgment" was filed before the expiration of thirty days from and after the signing of the "March Judgment."

67. No appeal or cost bond was filed before the expiration of thirty days from and after the date of the signing of the "March Judgment."

68. The only post-Judgment motion filed by Stephens was filed on July 7, 1983, which date was within thirty days after the execution of the Final Judgment.

[Trial court's footnote.] [2] It is obvious that the Court intended to set aside the March 22, 1983 Judgment. Evidence that the Court intended for the March 22nd Judgment to be suspended or set aside is clearly shown by the fact that the Court lined through the date shown on the original Judgment, changing that date from March 22, to June 10, and has also changed the docket sheet to reflect a June 10, 1983 date of judgment. Miller does not contest the fact that it was the Court's intention to set aside and vacate the March 22nd Judgment. Miller contends that as a matter of law those changes made by the Court were not operative to accomplish that purpose and did not extend the jurisdictional appellate times beyond thirty days following March 22, 1983.

Appellant's attorney has filed an affidavit with this court as authorized by rule

406 of the Texas Rules of Civil Procedure. The affidavit indicates that the reason the trial judge struck the signature and the date from the judgment was that a question was raised as to whether both counsel had approved the form of the judgment and the judge wished to give appellant an opportunity to present objections.

 The trial court's intent as reflected in the findings of fact is relevant to whether a judgment was rendered in March. The mere act of signing a judgment does not constitute a rendition of judgment. The signing is a ministerial act by which an enduring evidence of the judicial act is afforded. *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040, 1041 (1912). Rendition is the official oral or written announcement of the court's decision which is to be distinguished from the writing which is required to evidence it. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953). Rule 306a provides that the date a judgment is signed as shown of record determines the beginning of the periods prescribed by the rules for filing various documents in connection with an appeal but does not determine what constitutes rendition of a judgment or order for any other purpose. It is clear that in March the judge rendered judgment and signed the draft presented to him. Appellant contends that the court had plenary power to vacate, modify, correct or reform the judgment. We hold that, although the trial court may have intended to void the previously rendered judgment by striking through the date and signature, the judgment could not be vacated without a signed written order. *McCormack v. Guillot*, 597 S.W.2d 345, 346 (Tex.1980), quoting *Poston Feed Mill Co. v. Leyva*, 438 S.W.2d 366, 368 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd); *Balazik v. Balazik*, 632 S.W.2d 939 (Tex.App.—Fort Worth 1982, no writ). The trial court may not enlarge the time for perfecting an appeal by making an order that simply affirms a former order. *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex.1973).

Appellant contends that we cannot consider the March judgment because it is not part of the record on appeal. The March judgment is presented to us as an exhibit to the motion to dismiss and is authenticated by an affidavit of one of the attorneys, as authorized by rule 406 of Texas Rules of Civil Procedure. Additionally, the trial court's findings reflect that the March judgment is identical to the June judgment except for the date. We conclude, therefore, that the record shows that the judgment was first signed on March 22 and that the time for perfecting appeal began to run on that date. No motion for new trial or appeal bond, affidavit or cash deposit in lieu of bond was filed by appellant within thirty days in compliance with rule 356. Consequently, this court is without jurisdiction.

Appeal dismissed.