Robert N. SMITH, Appellant,

v.

Ingeborg M. SMITH, Appellee.

No. 04–84–00091–CV.

Court of Appeals of Texas,
San Antonio.

July 24, 1985.

Gerald B. Fisher, San Antonio, for appellant.

Shirley Ehrlich, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and CANTU, JJ.

ESQUIVEL, Justice.

This is an appeal from an order entered by the trial court on appellee's motion to clarify a divorce decree. We reverse.

The parties to this appeal were divorced by a decree entered September 11, 1973. The decree provided, inter alia, that on the appellant's retirement from the United States Air Force, the appellee would be entitled to thirty-four percent (34%) of the appellant's military retirement pay. In November of 1980, appellee filed a motion for contempt in response to which appellant filed a plea in abatement. The trial court ordered that the plea in abatement be sustained. After the plea was sustained, the parties announced to the court that it was their desire to avoid further actions to clarify the decree and after reviewing the decree entered on September 11, 1973, and hearing evidence and argument of counsel, the court made several findings of fact and entered a new judgment as to the appellant's military retirement pay. This judgment was signed January 21, 1981.

In July of 1982, pursuant to the amended divorce decree with regard to the military retirement benefits, appellee filed a motion for contempt alleging, essentially, that the appellant ceased to make payments in May of 1981 and continued through the time the motion for contempt was filed. It was in May of 1981 that the United States Supreme Court delivered its opinion in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). On January 11, 1983, after a hearing on said motion, appellant was found in contempt of the court's order of January 21, 1981, which had clarified the original divorce decree. Appellant then filed a petition for writ of habeas corpus in this court. Said petition was heard and granted, and the relator was ordered discharged.

On July 27, 1983, appellee filed another motion to clarify judgment. Once again, the court found that appellee was entitled to a portion of appellant's military retirement benefits. That order was entered November 18, 1983. It is from this order that appellant appeals.

The sole issue before us is the legal effect of a paragraph in the January 21, 1981 order clarifying the original divorce decree. That paragraph stated the following:

5. If the TEXAS SUPREME COURT and/or the UNITED STATES SUPREME COURT shall hereafter declare that military retirement benefits are not community property subject to division under the existing TEXAS COMMUNITY PROPERTY LAWS, then in such event the partition hereinabove made shall be of no further force and effect on the date such declaration is made and ROBERT N. SMITH shall thereupon no longer be required to divest himself of INGEBORG M. SMITH'S interest in his retirement. On such date, ROBERT N. SMITH'S entire military retirement benefit shall be wholly owned by him and INGEBORG M. SMITH shall have no further claim in law or in equity to any portion thereof.

The appellant contends that the United States Supreme Court's opinion in *McCarty* satisfied the condition subsequent in the court's order of January 21, 1981, and he is therefore no longer required to divest himself of her interest in his retirement.

The order complained of also contains the following finding:

It further appears to the Court that the United States Supreme Court decision of *McCarty v. McCarty* does not effect INGEBORG M. SMITH'S vested, community property interest divided in 1980 because in Texas, the McCarty decision is not retroactive as set out in the Texas Court decision of *Segrest v. Segrest*. The Paragraph listed above as 5 in the prior Order has no effect in this case.

The appellee argues that *McCarty* does not affect orders that are final as in this case, because *McCarty* does not apply retroactively. *Segrest v. Segrest*, 649 S.W.2d 610, 613 (Tex.1983). Appellee fur-

ther argues that the *McCarty* opinion never decided that military retirement benefits are not community property; rather, it merely held that in a divorce case, military retirement benefits are not divisible as community property in a state court. *McCarty*, 453 U.S. at 233, 101 S.Ct. at 2741–42, 69 L.Ed.2d at 606; *see Trahan v. Trahan*, 626 S.W.2d 485, 487 (Tex.1981).

The language in Paragraph 5 of the clarification order of January 21, 1981, clearly anticipates the *McCarty* ruling by the United States Supreme Court. *Cf. Segrest*, 649 S.W.2d at 613. We hold that the language of Paragraph 5 can reasonably be interpreted as providing for a termination of appellant's duties upon a decision such as that embodied in *McCarty*. We further hold that the only reasonable interpretation of the relevant language is that it relieves appellant of all obligation after *McCarty*. It is without question that the January 21, 1981 order is final. The subsequent legislation enacted by the United States Congress relating to retirement benefits and the fact that *McCarty* was determined not to be retroactive have absolutely no effect on the language triggering the condition subsequent in the order of January 21, 1981. From the date that the Supreme Court delivered its opinion in *McCarty v. McCarty*, appellant was and is the sole owner of his military retirement pay.

Accordingly, the judgment of the trial court is reversed and judgment is here rendered that under the order of January 21, 1981, Ingeborg M. Smith is not entitled to any interest in the military retirement benefits of her former husband and the clarification order of November 18, 1983, be set aside and of no further force and effect.