Affirmed and Opinion filed February 28, 2006









Affirmed and Opinion filed February 28, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-01157-CV

_______________

 

SAM HOUSTON HOTEL, L.P., Appellant

 

V.

 

MOCKINGBIRD RESTAURANT, INC.

and S.H. RIVIERA GRILL, INC., Appellees

________________________________________________

 

On Appeal from 80th District Court

Harris County, Texas

Trial Court Cause No. 03‑53007

________________________________________________

 

O
P I N I O N

In
this lease dispute, Sam Houston Hotel, L.P. (ASam Houston@) appeals a take-nothing judgment
entered in favor of Mockingbird Restaurant, Inc. (AMockingbird@) on the grounds that the trial court
erred by: (1) failing to find Mockingbird liable under a lease agreement; and
(2) finding the lease agreement, as amended, ambiguous.  We affirm.








After
a bench trial on its claims for breach of a lease agreement, Sam Houston was
granted judgment against S.H. Riviera Grill, Inc., but denied recovery against
Mockingbird.  On appeal, Sam Houston
seeks to reverse the take-nothing judgment based on the meaning and legal
effect of two lease agreements.  However,
Sam Houston made no arrangements to provide this court with a reporter=s record from the trial.

Unless
an appellant arranges for the filing of a complete reporter=s record (or partial reporter=s record and accompanying statement
of issues),[1]
we must presume that the proceedings support the trial court=s judgment.  See Bennett v. Cochran, 96 S.W.3d 227,
229 (Tex. 2002); Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex.
1990).  Sam Houston argues that a
reporter=s record is not necessary to its
appeal of questions of law that do not require a reference to the evidence.  See Segrest v. Segrest, 649 S.W.2d 610,
611 (Tex. 1983).  However, in Segrest,
a reporter=s record was not necessary because
the suit was for a declaratory judgment on the validity and enforceability of a
divorce decree and involved only questions of law pertaining to the
decree.  Id.  By contrast, Sam Houston=s issues in this case require
reference to the evidence that was admitted at trial. Because we have no record
of what that evidence consisted of, we have no basis to review the trial court=s decisions based on that evidence.

On
January 20, 2005, this court notified Sam Houston that the reporter=s record had not been filed in this
case, and that, unless Sam Houston made arrangements to pay for such a record,
this court would consider and decide only those issues not requiring a reporter=s record.  See Tex.
R. App. P. 37.3(c).  Because Sam
Houston did not elect to file a reporter=s record, its two issues challenging
the trial court=s decisions based on the proceedings at trial afford no basis
for relief.  Accordingly, they are
overruled.








Mockingbird
contends that Sam Houston should be subject to sanctions for failing to file a
reporter=s record and for mischaracterizing
the evidence presented at trial.  See
Tex. R. App. P. 45.  However, the fact that Sam Houston neglected
to provide a sufficient record for us to address its issues does not render its
appeal frivolous.  Similarly, in the
absence of a reporter=s record, a sufficient basis does not exist to properly
evaluate whether the evidence has been mischaracterized.  Therefore, we decline to impose sanctions
against Sam Houston, and affirm the judgment of the trial court.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Opinion filed February 28, 2006.

Panel consists of Justices Anderson, Edelman, and
Frost.

 

 











[1]           See
Tex. R. App. P. 34.6(c).