345 S.W.3d 635 (2011)
In the Interest of J.A.R., S.M.M., B.R.M., and G.M., Minor Children.
No. 04-10-00614-CV.
Court of Appeals of Texas, San Antonio.
April 13, 2011.
*636 Wayne Ted Wood, Attorney at Law, San Antonio, TX, for Appellant.
Veronica Segovia, Byron E. Barnett, Law Office, of Byron E. Barnett, San Antonio, TX, for Appellee.
Sitting: SANDEE BRYAN MARION, REBECCA SIMMONS and MARIALYN BARNARD, Justices.

OPINION
Opinion by: SANDEE BRYAN MARION, Justice.
Appellant appeals from the trial court's orders terminating his parental rights and denying his motion for new trial. We affirm.

BACKGROUND
After a one-day bench trial, the Honorable Judge Barbara Nellermoe orally terminated appellant's parental rights to his daughter on the grounds that he did not comply with his family plan and he constructively abandoned his daughter.[2] At that time, the Texas Department of Family and Protective Services did not have an order prepared for Judge Nellermoe's signature. Subsequently, the Honorable Judge Peter Sakai signed the Order of Termination. Appellant later filed a motion for new trial and notice of appeal. Judge Sakai denied the motion for new trial and found all of appellant's appellate points to be frivolous.

DISCUSSION
On appeal, appellant argues it was improper for Judge Sakai to sign the Order of Termination and rule on the post-trial motion for new trial because he did not hear any of the evidence presented at trial. First, we note appellant did not object on either ground below. Also, appellant does not cite, and we are unaware of, any statutory or judicial authority for his contention that Judge Sakai abused his discretion by signing the Order of Termination and ruling on appellant's motion for new trial merely because Judge Sakai did not preside over the trial. In fact, Judge Sakai's signing of the Order of Termination merely formalized Judge Nellermoe's oral ruling. At the conclusion of the termination hearing, Judge Nellermoe ruled: "I do find it's in the best interest of these children to have the parents terminated from them. . . . And so I will terminate them on the grounds of constructive abandonment and failure to comply with services that were court[-]ordered. . . . And those would be my orders today." Therefore, Judge Nellermoe's oral pronouncement amounted to the actual rendition of judgment. See Wittau v. Storie, 145 S.W.3d 732, 735 (Tex. App.-Fort Worth 2004, no pet.); Stephens v. Henry S. Miller Co., 667 S.W.2d 250, 252 (Tex.App.-Dallas 1984, writ dism'd). Therefore, Judge Sakai's signing of the Order of Termination was a ministerial *637 act, id., and he did not abuse his discretion by signing the order.
We acknowledge that the better practice would be for the same judge who heard all the evidence during the termination hearing to also preside over the new trial hearing. However, in this case, appellant testified at the new trial hearing. Therefore, Judge Sakai heard from appellant that he did not complete his service plan and he had not seen his daughter for the past year. Thus, this was not the typical new trial hearing at which only the attorneys summarized the evidence adduced at the trial on the merits. Accordingly, we conclude Judge Sakai did not abuse his discretion by ruling on the new trial motion despite his not having presided over the trial.
NOTES
[2] Appellant is the father of only one of the four children at issue in the termination proceeding.