*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





★ ★ ★ ★ ★ ★

# OPINION

No. 04-10-00614-CV

**IN THE INTEREST OF J.A.R.**, S.M.M., B.R.M., and G.M., Minor Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-PA-01805
Honorable Cathy Stryker, Judge Presiding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  April 13, 2011

AFFIRMED

Appellant appeals from the trial court's orders terminating his parental rights and denying his motion for new trial.  We affirm.

## BACKGROUND

After a one-day bench trial, the Honorable Judge Barbara Nellermoe orally terminated appellant's parental rights to his daughter on the grounds that he did not comply with his family plan and he constructively abandoned his daughter.[2]  At that time, the Texas Department of Family and Protective Services did not have an order prepared for Judge Nellermoe's signature.

---

[1] The Honorable Cathy Stryker is the presiding judge of the 224th Judicial District Court, Bexar County, Texas. However, the Honorable Peter Sakai, presiding judge of the 225th Judicial District Court, Bexar County, Texas, signed the order at issue in this appeal.

[2] Appellant is the father of only one of the four children at issue in the termination proceeding.

Subsequently, the Honorable Judge Peter Sakai signed the Order of Termination. Appellant later filed a motion for new trial and notice of appeal. Judge Sakai denied the motion for new trial and found all of appellant's appellate points to be frivolous.

## DISCUSSION

On appeal, appellant argues it was improper for Judge Sakai to sign the Order of Termination and rule on the post-trial motion for new trial because he did not hear any of the evidence presented at trial. First, we note appellant did not object on either ground below. Also, appellant does not cite, and we are unaware of, any statutory or judicial authority for his contention that Judge Sakai abused his discretion by signing the Order of Termination and ruling on appellant's motion for new trial merely because Judge Sakai did not preside over the trial. In fact, Judge Sakai's signing of the Order of Termination merely formalized Judge Nellermoe's oral ruling. At the conclusion of the termination hearing, Judge Nellermoe ruled: "I do find it's in the best interest of these children to have the parents terminated from them. . . . And so I will terminate them on the grounds of constructive abandonment and failure to comply with services that were court[-]ordered. . . . And those would be my orders today." Therefore, Judge Nellermoe's oral pronouncement amounted to the actual rendition of judgment. *See Wittau v. Storie*, 145 S.W.3d 732, 735 (Tex. App.—Fort Worth 2004, no pet.); *Stephens v. Henry S. Miller Co.*, 667 S.W.2d 250, 252 (Tex. App.—Dallas 1984, writ dism'd). Therefore, Judge Sakai's signing of the Order of Termination was a ministerial act, *id.*, and he did not abuse his discretion by signing the order.

We acknowledge that the better practice would be for the same judge who heard all the evidence during the termination hearing to also preside over the new trial hearing. However, in this case, appellant testified at the new trial hearing. Therefore, Judge Sakai heard from

appellant that he did not complete his service plan and he had not seen his daughter for the past year.  Thus, this was not the typical new trial hearing at which only the attorneys summarized the evidence adduced at the trial on the merits.  Accordingly, we conclude Judge Sakai did not abuse his discretion by ruling on the new trial motion despite his not having presided over the trial.

Sandee Bryan Marion, Justice