**A. Ernest FITZGERALD, Plaintiff,**

v.

**Elmer B. STAATS et al., Defendants.**

**No. 76–2112.**

United States District Court,
District of Columbia.

April 6, 1977.

John Bodner, Jr., William Sollee, Washington, D. C., for plaintiff.

Rebecca L. Ross, Dept. of Justice, Washington, D. C., for defendants.

## OPINION

JOHN LEWIS SMITH, Jr., District Judge.

On January 5, 1970, plaintiff A. Ernest Fitzgerald was unlawfully discharged from his position as Deputy for Management Systems in the Office of the Assistant Secretary of the Air Force for Financial Management. *See generally, Fitzgerald v. Seamans*, 553 F.2d 220 (D.C.Cir. 1977). On the appeal from his termination order, a Civil Service Commission examiner, on September 18, 1973, ordered plaintiff reinstated retroactively to January 5, 1970, with full backpay in the amount of $70,748.62. The first $32,498.39 of this award was not paid until May 4, 1974. Due to Air Force efforts to controvert plaintiff's affidavits of outside income, the final payment was not made until June 1975. Plaintiff later instituted this action, under 5 U.S.C. § 5596(b)(1)[1] and 31 U.S.C. § 227, seeking interest on all monies wrongfully withheld from the date of his discharge until the date he received the full payment.

Defendants have moved to dismiss on the grounds that plaintiff's claims exceed the $10,000 maximum amount in controversy for claims brought under the Tucker Act, 28 U.S.C. § 1346, and that interest is not allowable in any circumstance for claims under § 5596(b)(1), and is permitted under § 227 only if the claimant has a judgment against the United States.

█ Under the Tucker Act, district courts have concurrent jurisdiction with the Court of Claims over claims, not sounding in tort, against the United States for damages of $10,000 or less. The Court of Claims has exclusive jurisdiction for those in excess of $10,000. Nevertheless, the fact

---

**1.** The Back Pay Act.

that a party has two or more claims for $10,000 or less, but aggregating more than $10,000, does not deprive the district courts of jurisdiction. C. Wright and A. Miller, Federal Practice & Procedure § 3657, *citing* *March v. United States,* 165 U.S.App.D.C. 267, 506 F.2d 1306 (1974).

■ Plaintiff Fitzgerald has two distinct claims, neither of which is in excess of $10,000. The first is for interest from the time of his discharge until his reinstatement on salary wrongfully withheld. The second claim is for interest from the date of the CSC reinstatement order until final payment. Although the sum of the amounts claimed is greater than $10,000, each claim, being for less than $10,000, is properly before this Court.

■ Plaintiff requests the Court to read an allowance for interest into the Back Pay Act, which governs plaintiff's first claim but does not contain express authority for an award of interest. In the absence of an explicit waiver of sovereign immunity, *see* *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), plaintiff's claim cannot be sustained. *See VanWinkle v. McLucas,* 6 Cir., 537 F.2d 246, *cert. denied,* —— U.S. ——, 97 S.Ct. 1105, 51 L.Ed.2d 539 (1977).

■ Similarly, there is no merit to plaintiff's request for interest under 31 U.S.C. § 227. From enactment in 1875 until its amendment in 1933, the statute provided for payment of interest on amounts withheld by the United States on any "final judgment recovered against the United States or other claim duly allowed by legal authority". 18 Stat. 481. After the 1933 amendment, which dropped the reference to any "claim duly allowed by legal authority," the government was liable for interest only on claims reduced to judgment. *See* 47 Stat. 1516; *Whitbeck v. United States,* 77 Ct.Cl. 309, 342–343 *cert. denied,* 290 U.S. 671, 54 S.Ct. 90, 78 L.Ed. 579 (1933). In view of the fact that no judgment has been obtained here, plaintiff's second claim must also be denied. Accordingly, the case is dismissed.