**William D. BROWN, Plaintiff,**

v.

**Ruth E. ROBERTSON, formerly Ruth E. Brown; John D. Marsh, Jr., Secretary of the United States Army; Major General Paul P. Burns, Commander U.S. Army Finance and Accounting Center; Major R.M. Zimmerman, Chief of the Pay Service Division, Retired Pay Operation of the United States Army Finance and Accounting Center, Defendants.**

No. W–84–CA–24.

United States District Court, W.D. Texas, Waco Division.

April 11, 1985.

Tyce S. Smith, Sr., Smith & Muxlow, Waynesville, Mo., Jerry Sutton, Harker Heights, Tex., for plaintiff.

Helen Milburn Eversberg, U.S. Atty., Harold O. Atkinson, Asst. U.S. Atty., San Antonio, Tex., for defendants.

WALTER S. SMITH, Jr., District Judge.

## ORDER

Came on this day for consideration Federal Defendants' Motion to Dismiss the above-numbered and styled cause.

## FACTS

Plaintiff, WILLIAM D. BROWN, and Defendant, RUTH E. ROBERTSON, were married on December 5, 1953. During their marriage, Plaintiff was employed by the United States Army. The marriage ended in divorce on October 20, 1972, in the District Court of Bell County, Texas. The divorce decree provided, *inter alia*, that Defendant ROBERTSON should receive a percentage, specifically ½ of ¹⁹/₂₁, of Plaintiff BROWN's United States Army pension benefits upon his retirement. Plaintiff BROWN now seeks to have this portion of the divorce judgment set aside by this Court.

Plaintiff commenced this suit in the United States District Court for the Southern District of Indiana, Indianapolis Division. The suit was transferred by order of that Court to the U.S. District Court for the Western District of Texas, Waco Division.

## DISCUSSION

Plaintiff's complaint seems to be premised upon two grounds. The first ground is a challenge to the state court's jurisdiction to render that part of the judgment relating to the retirement benefits. Plaintiff claims the divorce decree violates

the Supremacy Clause of the United States Constitution. The Court does not find that argument to be persuasive. As one court has stated:

> Because state law was so firmly entrenched before the Court sounded the warning in *McCarty* that state interests must yield to Congressional objectives, there can be no contention that a clear prohibition existed rendering state intervention into a heretofore exclusive federal area a nullity.

*Ex parte Hovermale*, 636 S.W.2d 828, 833 (Tex.App.—San Antonio 1982). Accordingly, the prior state judgments rendered before *McCarty* are not void ab initio and the state judgment may not be collaterally attacked. *Humble Oil & Refining Co. v. Fisher*, 152 Tex. 29, 253 S.W.2d 656 (1952); *Clayton v. Hurt*, 88 Tex. 595, 32 S.W. 876 (1895). The Court must therefore be concerned with the issue of whether the judgment rendered in this case is affected retroactively by the Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The *McCarty* opinion itself did not indicate whether it was to be applied retroactively. The Court finds the language of *Federated Department Stores v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) to be instructive in another case.

> The res judicata consequences of a final unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.

*Federated Department Stores, supra.* The Fifth Circuit has adopted this view in holding that *McCarty* is not to be applied retroactively and that unappealed state court divorce decrees and property settlements remain unaffected. *Erspan v. Badgett*, 659 F.2d 26 (5th Cir.1981), *cert. denied*, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658, *Wilson v. Wilson*, 667 F.2d 497 (5th Cir.1982). *See also Segrest v. Segrest*, 649 S.W.2d 610 (Tex.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983) (holding *McCarty* was not to be applied retroactively and that

final judgments rendered prior to *McCarty* dividing military benefits, while possibly erroneous, were not void and were entitled to the same res judicata effect and immunity from collateral attack as other judgments).

The doctrine of res judicata provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Federated Department Stores, supra.* The reason for this doctrine was set forth in *Baldwin v. Traveling Men's Association*, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931) to be:

> Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.

*Erspan, supra,* held that *McCarty* does not overcome the res judicata effect of a final divorce decree apportioning military retirement benefits among husband and wife. This Court is required to give the same full faith and credit to the divorce decree that a state court would give it. Title 28, United States Code, Section 1738. Plaintiff has not appealed his state court decision; therefore, that decision is considered to be a final judgment. Since Plaintiff could have appealed or raised the points he now makes in that proceeding, res judicata acts as a bar in this suit. This Court is bound by the previous state court judgment.

The Court also notes that *McCarty* was subsequently overruled by Congressional action in the passage of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (1983). This Act provides that a state court may treat military retirement pay as separate property of the retired spouse or as community property "in accordance with the law of the jurisdiction of such court." *Neese v. Neese*, 669 S.W.2d 388 n. 2 (Tex.App.—Eastland 1984). The Texas courts have consistently held such

benefits to be the community property of the couple. *Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982); *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977); *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976) (other citations omitted).

This brings the Court to Plaintiff's second ground for setting the state court judgment aside. Although it need not be addressed by the Court since the Court has found the doctrine of res judicata bars Plaintiff's suit, the Court feels it is important to show Plaintiff that this ground is totally without merit. The second ground for challenge to the state court action is premised upon the notion that the retirement benefits were not yet in existence at the time they were awarded by the judge in the divorce decree. Thus, plaintiff claims, the court lacked jurisdiction to divide this property. This same claim was rejected by the Texas Supreme Court in *Cearley v. Cearley*, 544 S.W.2d 661 (1976).

There is little doubt that military pension benefits earned during marriage is classified as community property under Section 5.01 of the Family Code. Plaintiff's argument, like the argument made in *Cearley*, is that the trial court could not apportion these benefits because they had not yet vested. The Texas Supreme Court in *Cearley* concluded that these benefits gave rise to a contingent interest. This contingent interest will vest at the time the retirement benefits are received. The benefits have been held to be community property at the time of the divorce even though they had not matured and were not at that time subject to possession and enjoyment. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). The Texas courts have recognized that military retirement benefits are to be viewed as deferred compensation which is earned during each month of a spouse's military service. *Cearley, supra* at 665.

> The portion that he earned during the months of coverture became contingent earnings of the community which may or may not bloom into full maturity at some future date. We hold that such rights, prior to accrual and maturity, constitute

a contingent interest in property and a community asset along with other property in the division of the estate of the parties under Section 3.63 of the Family Code.

*Cearley,* supra at 666.

The Uniformed Services Former Spouses' Protection Act, *supra,* provides that state law will determine whether such military retirement benefits should be characterized as separate or community property in accordance with state law. Texas state law provides that they are considered community property. As such, the trial court properly apportioned them in the property settlement of the parties' divorce decree. Accordingly,

IT IS, THEREFORE, ORDERED that the Federal Defendant's Motion to Dismiss this action is hereby GRANTED. This action is hereby DISMISSED WITH PREJUDICE since the court lacks subject matter jurisdiction of the suit under Rule 12(b) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that said dismissal shall be in effect as to all parties named in the suit. Costs of this suit shall be assessed against Plaintiff.