Roland Lee **GOAD**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. H–86–3432.**

United States District Court,
S.D. Texas,
Houston Division.

June 5, 1987.

Roland L. Goad, Huntsville, Tex., pro se.

Henry K. Oncken, U.S. Atty., Hays Jenkins, Jr., Asst. U.S. Atty., Houston, Tex., for defendant; Marilyn D. Barton, Major, USAF, Office of the Judge Advocate General, Washington, D.C., of counsel.

## MEMORANDUM OPINION AND ORDER

HITTNER, District Judge.

Pending before this Court is defendant United States of America's Motion to Dismiss or, in the Alternative, for Summary

Judgment.[1] This Court heard oral argument on that motion on April 13, 1987. Having considered the motion, the submissions of the parties, the argument of Plaintiff and of counsel for Defendant, and the applicable law, the Court is of the opinion that Defendant's motion should be granted and this action should be dismissed.

## FACTUAL BACKGROUND

In 1980, after thirty years of marriage, Plaintiff Roland Lee Goad and his wife, Mary Beth, were divorced. Pursuant to the divorce decree, Mrs. Goad was granted twelve twenty-sevenths of Mr. Goad's Air Force retirement pay. Mr. Goad refused to pay Mrs. Goad the required fraction of his retirement pay, was jailed for contempt, and was ordered to pay Mrs. Goad $30,-099.42 in past-due amounts.

In 1982, Congress passed the Uniformed Services Former Spouses' Protection Act (FSPA), 10 U.S.C. § 1408 (Supp.1985). This act was passed primarily to remedy the inequitable result of the United States Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The Court in *McCarty* had held that military retirement pay was not divisible community property because to allow division and partial grant to a spouse contravened Congress's intention that military retired pay "actually reach the beneficiary." *Id.* at 229–30, 101 S.Ct. at 2739–40. The FSPA overrides such an interpretation by permitting the government to honor state court orders granting a portion of military retirement benefits to former spouses of military men. The FSPA also permits, under certain circumstances, the withholding of the court-ordered amount and the direct transmittal to the former spouse. 10 U.S.C. § 1408(d) (Supp.1985).

In June, 1985, Mrs. Goad applied for withholding of funds pursuant to the FSPA. The Air Force Accounting and Finance Center (AFAFC) notified Plaintiff of Mrs. Goad's application. Plaintiff directed two letters of objection to the AFAFC. Finding no merit to Plaintiff's objections, the AFAFC began withholding twelve twenty-sevenths of Plaintiff's retirement pay for Mrs. Goad's benefit in September, 1985.

In December, 1985, Plaintiff requested the AFAFC to reconsider its decision. After considering Plaintiff's argument, the AFAFC denied Plaintiff's request. Following that rejection, Plaintiff brought this *pro se* lawsuit.

Defendant United States of America has filed the motion which is the subject of this Order, urging dismissal for lack of subject matter jurisdiction and because Plaintiff has failed to state a claim upon which relief can be had.

## SUBJECT MATTER JURISDICTION

■ Mr. Goad's action for monetary relief must be dismissed because this Court lacks subject matter jurisdiction under the Tucker Act. The Tucker Act grants concurrent jurisdiction to the district courts and the United States Claims Court over nontort claims against the United States for damages "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2) (1982). Claims in excess of $10,000 are within the exclusive jurisdiction of the Court of Claims. *Graham v. Henegar*, 640 F.2d 732, 734–35 (5th Cir.1981). The amount withheld from Plaintiff's retirement pay, which Plaintiff seeks to recover, is now in excess of $10,000. *See* Plaintiff's proposed First Amended Complaint.

Plaintiff asserts that this Court retains jurisdiction because he is making a separate claim for each month's pay that has been transferred to his former wife. These claims, Plaintiff contends, cannot be aggregated to deprive the district court of jurisdiction. Plaintiff cites in support of his position *Baker v. United States*, 722 F.2d 517, 518 (9th Cir.1983); *March v. United States*, 506 F.2d 1306, 1309 n. 1 (D.C.Cir. 1974); *A.C. Davenport & Son v. United States*, 538 F.Supp. 730, 732 (N.D.Ill.1982),

---

**1.** Where dismissal is based on consideration of matters outside the pleadings, this motion has been considered as one for summary judgment.

*aff'd,* 703 F.2d 266 (7th Cir.1983); and *Fitzgerald v. Staats,* 429 F.Supp. 933, 934–35 (D.D.C.1977), *aff'd,* 578 F.2d 435 (D.C. Cir.), *cert. denied,* 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978). None of these cases is applicable to the facts of Plaintiff's suit. *Baker* and *March* involved the suits of various plaintiffs, none of whose individual claims exceeded $10,000. In *A.C. Davenport & Son* and *Fitzgerald,* each Plaintiff asserted more than one distinct cause of action, neither of which exceeded $10,000. In the instant case, Mr. Goad, the sole Plaintiff in this action, asserts only a single claim, one for recovery of the money withheld from his retirement pay. He admits that this amount now exceeds $10,000. Plaintiff cannot avoid the exclusive jurisdiction of the Claims Court by characterization of each month's withholding as a separate cause of action.

■ Although Plaintiff seeks monetary damages within the exclusive jurisdiction of the Court of Claims, this Court declines to transfer this action pursuant to 28 U.S.C. § 1631 because to do so would not be in the interest of justice. The government cannot be held liable for making payments under the FSPA pursuant to a court order that is regular on its face. *United States v. Morton,* 467 U.S. 822, 836, 104 S.Ct. 2769, 2777, 81 L.Ed.2d 680 (1984); *Steel v. United States,* No. 421–85C (Cl.Ct. September 12, 1986). Plaintiff has neither alleged nor shown that the court order his former wife presented to the Air Force was not regular on its face. Thus, even were the Court to transfer Plaintiff's action, Plaintiff would not be entitled to a monetary recovery from Defendant. It is, therefore, not in the interest of justice to subject the government and the Court of Claims to further expense and labor in defending against and hearing this case.

To the extent that Plaintiff seeks declaratory relief that the AFAFC's direct payments to Mrs. Goad violate statutes and the Texas and United States Constitutions, this Court has subject matter jurisdiction over Plaintiff's claims. 28 U.S.C. § 2201 (Supp.1985). However, the Court has determined that each of Plaintiff's claims must be dismissed.

## PLAINTIFF'S CLAIMS

Plaintiff's complaint purports to assert the following causes of action:

1. The AFAFC's direct payments to Mary Beth Goad are in violation of the FSPA.

2. The AFAFC's direct payments to Mary Beth Goad are prohibited by the Texas Constitution.

3. The AFAFC's direct payments to Mary Beth Goad are in violation of the Consumer Protection Act.

4. The AFAFC's direct payments to Mary Beth Goad are in violation of 37 U.S.C. § 701(e).

5. The FSPA is unconstitutional because it deprives Plaintiff of due process and equal protection.

6. The Goad's divorce decree was invalidated by the *McCarty* decision and cannot be resuscitated by the FSPA.

7. The FSPA is unconstitutional because it impermissibly delegates legislative power to the states.

■ 1. Plaintiff asserts that the AFAFC's direct payments to Mrs. Goad violate the FSPA. Plaintiff bases this assertion on the remarkable premise that the Goads' divorce decree does not qualify as a "court order" that can be honored pursuant to the FSPA because it refers to military "benefits" rather than military "pay."

Plaintiff's argument is patently frivolous. Plaintiff originally posed this argument to the AFAFC in his initial objection to direct payments to Mrs. Goad. The AFAFC advised Plaintiff at that time, and this Court reiterates, that Texas state law and the federal courts use the terms "benefits" and "pay" interchangeably. *See Brown v. Robertson,* 606 F.Supp. 494, 496–97 (W.D.Tex.1985); *Harrell v. Harrell,* 692 S.W.2d 876 (Tex.1985). The use of the term "benefits" in no way invalidates the divorce decree or prohibits the honor of such a decree by the AFAFC.

2. Plaintiff argues that the withholding of Mrs. Goad's share of Plaintiff's retire-

ment pay violates the Texas Constitution's prohibition against garnishment of wages. The Court finds that the case law on this issue is clear. Although article XVI, § 28 the Texas Constitution and Tex.Civ.Pract. & Rem. § 63.004 (Vernon 1986) prohibit garnishment of "current wages," the Texas courts have expressly held that military retirement pay is not "current wages" and thus is not exempt from garnishment under the Texas Constitution. *Wagar v. United States*, 582 S.W.2d 896, 897 (Tex.Civ.App.— San Antonio 1979, writ dism'd); *United States v. Wakefield*, 572 S.W.2d 569, 572 (Tex.Civ.App.—Fort Worth 1978, writ dism'd); *United States v. Fleming*, 565 S.W.2d 87, 88–89 (Tex.Civ.App.—El Paso 1978, no writ).

Moreover, there is no indication that the withholding pursuant to the FSPA is in fact a garnishment, as it is applied to Mr. Goad's retirement pay. The money being withheld from Plaintiff's retirement pay is not property of Mr. Goad upon which Mrs. Goad sought to execute judgment, but in fact became Mrs. Goad's separate property with the entry of the Goads' divorce decree. The language of the decree specifically states:

> Petitioner [Mrs. Goad] is awarded the following as Petitioner's sole and separate property, and Respondent [Mr. Goad] is hereby divested of all right, title and interest in and to such property.
>
> . . . . .
>
> 5. All right, title and interest in and to twelve/twenty-sevenths (¹²⁄₂₇) of the United States Air Force Retirement benefits of ROLAND LEE GOAD AF# —462368682.

The withholding and transfer to Mrs. Goad of funds which belong to her cannot properly be characterized as a garnishment. Plaintiff's claim of violation of the Texas Constitution must therefore be dismissed.

3. Similarly, Plaintiff cannot prevail in his contention that the direct payments to Mrs. Goad violate the federal Consumer Protection Act, 15 U.S.C. § 1673 (1982) which sets ceilings beyond which disposable wages cannot be garnished. The Consumer Protection Act deals with garnish-

ment, and the withholding of Mrs. Goad's funds for her own benefit simply is not garnishment.

Moreover, section 1673(b)(2) of the Consumer Protection Act allows the withholding of 50 percent and, under certain circumstances, up to 65 percent of disposable pay when such withholding is pursuant to an "order for support." In *Kahn v. Trustees of Columbia University*, 109 A.D.2d 395, 492 N.Y.S.2d 33 (1985), the court construed the phrase "order for support" to apply to a court order that a husband return to his wife her share of a joint bank account. Assuming, arguendo, that the AFAFC's action could be considered a garnishment, the divorce court's order that Mrs. Goad receive twelve twenty-sevenths of Plaintiff's retirement benefits should be construed, as was the order in the *Kahn* case, to be an "order for support." Thus the direct payment to Mrs. Goad would not be in excess of the amount of garnishment permitted by the Consumer Protection Act.

4. Plaintiff's argument that the AFAFC's direct payments to Mrs. Goad violate 37 U.S.C. § 701(c) is equally without merit. That section provides: "An enlisted member of the Army, Navy, Air Force or Marine Corps may not assign his pay, and if he does so, the assignment is void." This Court first notes that the direct payments to Mrs. Goad do not entail an assignment by Mr. Goad, but the enforcement of a court order to transfer to Mrs. Goad her sole and separate property. Further, to the extent that 37 U.S.C. § 701(c) might be construed as reflecting a policy against permitting the division of military retirement pay as community property, such a construction was vitiated by the passage of the FSPA, through which Congress has established a contrary intention.

5. Mr. Goad maintains that the FSPA is unconstitutional because it deprives him of property without due process and fails to afford him the equal protection of the law. These claims are frivolous.

Regarding Plaintiff's due process claim, it is fundamental that, in order to be

entitled to procedural due process, Plaintiff must possess a property interest of which he is deprived.[2] *Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); *Findeisen v. North East Indep. School Dist.,* 749 F.2d 234, 237 (5th Cir.1984), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2657, 86 L.Ed.2d 274 (1985). As previously stated, a twelve twenty-sevenths portion of Mr. Goad's military retirement pay became Mrs. Goad's property with the entry of the Texas divorce decree. Mr. Goad is not challenging the Texas statute that permitted the allocation of a portion of Mr. Goad's military retirement benefits to Mrs. Goad, but is challenging the constitutionality of the FSPA, which allows the enforcement of that allocation. The action of the AFAFC pursuant to the FSPA does not deprive Mr. Goad of property because it merely effects the transmittal to Mrs. Goad of property allocated and apportioned to her pursuant to state law.

■ Moreover, contrary to Mr. Goad's claim, extensive due process was afforded to Mr. Goad in order to ensure that the funds transferred were in fact property to which Mrs. Goad was entitled. In order that direct payments can be made pursuant to a court order, the FSPA requires that the Court order must be final, be regular on its face, be certified by a court official, and show that the court had jurisdiction over the member. 10 U.S.C. § 1408(c)(4) (Supp.1985); 32 C.F.R. § 63.6 (1986). Within thirty days of receiving a court order which appears to meet the requirements for direct payments, the Air Force must give the affected member written notice of the request and thirty days to respond and present his position for consideration. 10 U.S.C. § 1408(g) (Supp.1985); 32 C.F.R. § 63.6(f) (1986). The response, if any is made, is considered by the Air Force, and the court order is not honored if it is shown to be defective or has been modified, superseded, or set aside. 32 C.F.R. § 63.6(f)(3) (1986). After the Air Force has made a determination as to whether payments will be made, the member may request the Air

Force to reconsider the decision and will receive a response explaining the decision regarding payment. 32 C.F.R. § 63.6(i) (1986).

It is thus evident that the FSPA affords a military member abundant due process before withholding funds. Mr. Goad's own submissions to this Court, copies of his correspondence with the AFAFC, evidence the fact that he took full advantage of that due process. Mr. Goad's due process claim is thus totally without merit and must be dismissed.

■ Plaintiff's constitutional challenge to the FSPA on the ground of denial of equal protection of the law is equally without merit. Mr. Goad cannot show that he is a member of any "suspect class" affected by the FSPA. Thus, for the FSPA to withstand constitutional muster, it need only be shown that Congress had a rational basis for enacting the FSPA. *Zobel v. Williams,* 457 U.S. 55, 61, 102 S.Ct. 2309, 2313, 72 L.Ed.2d 672 (1982). That rational basis is manifest. The Supreme Court's decision in *McCarty* resulted in the denial to military spouses of the opportunity to obtain and enforce awards of retirement pay, while former spouses of other federal employees enjoyed that opportunity. Recognizing the contributions and sacrifices made by the military spouses during military members' careers and the possibility that in some cases there might be no other community property available to former spouses, Congress passed the FSPA in order to allow military spouses to obtain their just share of community property upon dissolution of marriage. Because it rationally furthers a legitimate governmental purpose, the FSPA clearly does not deprive Plaintiff of equal protection of the law. His equal protection claim must therefore be dismissed.

6. Plaintiff further argues that the Goads' divorce decree was invalidated by the *McCarty* decision and that the FSPA cannot be given retroactive effect in order

---

**2.** Due process is also required where there is a deprivation of liberty. *Vitek v. Jones,* 445 U.S. 480, 489, 100 S.Ct. 1254, 1261–62, 63 L.Ed.2d

552 (1980). Plaintiff alleges no such deprivation.

to resuscitate the divorce decree. This argument has been repeatedly rejected by both the state and federal courts. *Wilson v. Wilson,* 667 F.2d 497, 499 (5th Cir.), *cert. denied,* 458 U.S. 1107, 102 S.Ct. 3485, 73 L.Ed.2d 1368 (1982); *Brown v. Robertson,* 606 F.Supp. 494, 496 (W.D.Tex.1985); *Segrest v. Segrest,* 649 S.W.2d 610, 613 (Tex. 1983), *cert. denied,* 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983). The courts have declined to apply *McCarty* retroactively to invalidate divorce decrees which were final before the *McCarty* decision. Thus, the Goads' divorce decree remains in effect, and the FSPA does not resuscitate it, but merely implements it.

 7. Finally, Plaintiff asserts that the FSPA is unconstitutional because it impermissibly delegates legislative power to the states. The Court notes initially that Plaintiff lacks standing to assert this claim. Through this claim Plaintiff appears to be challenging the constitutionality of the FSPA in its entirety. Because *McCarty* is not retroactive, the divorce decree dividing Mr. Goad's military retirement pay has always remained valid. Thus, the FSPA, insofar as it sanctioned such divisions, had no effect on Mr. Goad. The FSPA only affects Mr. Goad insofar as it permits the direct withholding of Mrs. Goad's funds. Mr. Goad has standing only to assert claims relating to that withholding. He cannot challenge the Act's constitutionality insofar as it permits states to consider military retirement benefits as divisible community property, because the division of his retirement benefits by his divorce decree always remained valid. Implementation of the FSPA in that respect does not affect or injure him. *Heckler v. Matthews,* 465 U.S. 728, 738, 104 S.Ct. 1387, 1394–95, 79 L.Ed.2d 646 (1984).

 Moreover, Plaintiff's claim has no substantive merit. The FSPA delegates no authority to the state courts to make laws or rules regarding military pay. The Act merely allows the state courts to consider military retirement pay when making property divisions under their own laws. Congress retains the power to exclude any and all divisions of military retirement pay.

## ORDER OF DISMISSAL

Having concluded that this Court lacks subject matter jurisdiction over Plaintiff's monetary claim, that transfer of that claim pursuant to 28 U.S.C. § 1631 is inappropriate, and that Plaintiff's claims for declaratory relief lack merit, it is

ORDERED that Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment be, and is hereby, GRANTED and that this action be, and is hereby, DISMISSED.

## SANCTIONS

 Incorporating the foregoing as findings of fact and conclusions of law, the Court finds that sanctions are appropriate in this case. Fed.R.Civ.P. 11 provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the Court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The violation of only one clause of Rule 11 is sufficient to justify the imposition of sanctions. *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1130 (5th Cir. 1987). The Court finds that Plaintiff has violated not merely one, but both clauses.

 First, as noted above, Mr. Goad's claims are not warranted by the existing

law or a good faith argument for the extension of the law, but are patently frivolous. Were Mr. Goad a novice *pro se* litigant, his conduct might be tolerated "as the product of lack of legal sophistication." *State of Texas v. Gulf Water Benefaction Co.,* 679 F.2d 85, 87 (5th Cir.1982). Mr. Goad is, however, a seasoned litigant with a demonstrated facility at legal research. As such, he "cannot be treated as free to advance frivolous claims merely because [he] appear[s] without counsel." *Gipson v. Rosenberg,* 797 F.2d 224, 226 (5th Cir.1986) (quoting *Stelly v. Commissioner,* 761 F.2d 1113, 1116 (5th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985)).

Second, this suit is clearly brought in violation of the second clause of Rule 11. This Court cannot help but note and deplore the meanness of spirit with which this action is brought. Mr. Goad's persistent attempts to strip Mrs. Goad of the property granted to her by the divorce decree and to punish the AFAFC for honoring that decree can only be characterized as harassment.

When the state court granted Mrs. Goad a divorce, it made the division of community property it deemed "just and right." Tex.Fam. Code Ann. § 3.63 (Vernon 1987). Mr. Goad asserts that he does not seek to change one "jot or dot on the divorce judgment." *See* Plaintiff's Reply to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Yet, given the history of Plaintiff's actions, it strains the credulity of this Court to suggest that Mr. Goad has gone through the considerable efforts of this suit with the intent, should he succeed in preventing direct payments to Mrs. Goad, of handing over to her twelve twenty-sevenths of the military pay in compliance with the divorce decree. Rather, it is clear that Mr. Goad seeks by this action to harass Mrs. Goad and eventually to deprive her of justice and to establish for himself a windfall.

Further, Plaintiff's conduct in this Court has deprived the Court of time desperately needed for legitimate complaints. This Court and the attorneys for the Defendants have expended long hours and a considerable amount of money on this case. The taxpayers should not have to bear the cost incurred as a result of Plaintiff's frivolous pleadings and motions in this Court. Plaintiff's *pro se* status does not give him a "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir.1986).

The Court notes that Plaintiff has not limited his litigation to the instant suit. Plaintiff has also filed a federal suit, alleging violation of his civil rights and naming as defendants his former wife and some twenty judicial officers, jail officials, county commissioners, and attorneys who were involved in the state court divorce and contempt actions. In addition, Plaintiff has brought a state court action against Mrs. Goad and the Commander of the AFAFC in which he has made allegations similar to those in the instant case. He has also counterclaimed in a state court case filed by Mrs. Goad against him and has joined the Commander of the AFAFC as third party defendant in that action.[3] The persistence and pervasiveness of Mr. Goad's litigation campaign is further evidence that his intent is to harass.

Defendants have submitted statements detailing the hours involved and the costs incurred defending this action. Defendants seek sanctions in the amount of $4,748.40 to compensate them for time and money expended. This Court finds Defendants' request reasonable. It is therefore

ORDERED that sanctions in the amount of $4,748.40 be, and are hereby, imposed upon Plaintiff. As an additional nonmonetary sanction, it is further

ORDERED that Plaintiff Roland Lee Goad shall not file with this Court any further causes of action until all monetary sanctions imposed have been paid in full and satisfactory proof thereof has been

---

**3.** The AFAFC removed both state court actions to federal court where they were consolidated in another judge's docket as Civil Action No. H–86–3598 and have been dismissed.

furnished. *See Farguson v. MBank Houston, N.A.,* 808 F.2d 358 (5th Cir.1986).