837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roland Lee GOAD, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-1488.
 United States Court of Appeals, Federal Circuit.
 Dec. 9, 1987.
 
 Before MARKEY, Chief Judge, PAULINE NEWMAN and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Roland Lee Goad (Goad) appeals from a judgment of the United States District Court for the Southern District of Texas, 661 F.Supp. 1073 (S.D.Tex.1987): (1) dismissing for lack of jurisdiction Goad's monetary claim under the Tucker Act, 28 U.S.C. Sec. 1346(a)(2), because it exceeded $10,000; (2) declining to transfer the action to the United States Claims Court pursuant to 28 U.S.C. Sec. 1631 because transfer would not be in the interest of justice; (3) imposing sanctions on Goad under Fed.R.Civ.P. 11; and (4) granting summary judgment to the United States on Goad's claims for declaratory relief. We affirm the dismissal for lack of jurisdiction, the refusal to transfer, and the imposition of sanctions. Because the district court lacked jurisdiction over Goad's claims for declaratory relief, we vacate the grant of summary judgment, and remand to the district court with instructions to dismiss the complaint for lack of jurisdiction. Thus, we affirm-in-part and vacate-in-part.
 
 OPINION
 
 2
 We agree with the parties' assertions that the district court lacked jurisdiction. Goad's monetary claims exceed $10,000, and the declaratory relief Goad seeks is subordinate to a monetary award. McKeel v. Islamic Republic of Iran, 722 F.2d 582, 590-91 (9th Cir.1983) (district court lacked jurisdiction to declare that government actions constituted a 5th amendment taking, when plaintiffs' real aim was to obtain damages of over $10,000), cert. denied, 469 U.S. 880 (1984); Gentry v. United States, 546 F.2d 343, 355 (Ct.Cl.1976); see Bragg v. Keohane, 820 F.2d 402, 403 (Fed.Cir.1987) (district court lacked jurisdiction over suit for injunctive and declaratory relief tied to damages exceeding $10,000).
 
 
 3
 The district court's lack of jurisdiction did not preclude its acting on Goad's transfer request. 28 U.S.C. Sec. 1631. The court's thorough analysis, 661 F.Supp. at 1077-80, supports its conclusion that Goad's claims lacked substantive merit, and that transfer would not have been in the interest of justice. The court did not abuse its discretion in refusing to transfer the action to the Claims Court. See generally Galloway Farms, Inc. v. United States, No. 87-1458, slip op. at 6-9 (Fed.Cir.Dec. 2, 1987) (construing the "interest of justice" provision of 28 U.S.C. Sec. 1631).
 
 
 4
 That the district court lacked jurisdiction over the action did not prevent it from imposing sanctions under Fed.R.Civ.P. 11. See Hewitt v. City of Stanton, 798 F.2d 1230 (9th Cir.1986) (affirming imposition of sanctions on party whose attempt to remove case to federal court was frivolous); Itel Containers Int'l Corp. v. Puerto Rico Marine Management, Inc., 108 F.R.D. 96 (D.N.J.1985) (imposing sanctions on party who concealed court's lack of diversity jurisdiction). Goad has shown neither clear error in the district court's findings of fact nor error in its legal conclusions underlying its imposition of sanctions. The district court did not abuse its discretion in imposing sanctions. Thomas v. Capital Sec. Serv., Inc., 812 F.2d 984, 989 (5th Cir.), reh'g en banc granted, 822 F.2d 511 (5th Cir.1987).