**In re Richard D. SAMPSON, Debtor.**

**Bankruptcy No. NK 87–00752.
Appeal No. K 88–0241CA.**

United States Bankruptcy Court,
W.D. Michigan.

Aug. 24, 1988.

Edward Read Barton, for debtor.

John A. Smetanka, U.S. Atty., Daniel M. La Ville, Asst. U.S. Atty. for U.S.

### SUPPLEMENTAL OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

Because of my concern about this case and the feeling that I have not adequately assisted the district court, I am departing from my practice of over 33 years of taking no part in an appeal once that appeal has been filed with a higher court.

Although this particular case involves but a small amount, its impact would be great upon the administration of Chapter 13 cases. I am informed by the Chapter 13 trustees that the vote of success for Chapter 13 plans is about 80% where there is an order for payment to the trustee and 20% where there is no such order.

In many cases, of which this is one, on motions to dismiss for non-payment or for the reinstatement of a previously dismissed case, the trustee will require as a prerequisite for withdrawal of the motion or approval of a reinstatement, that a payroll order be agreed to by the debtor.

We have had hundreds of payroll orders issued against the various armed services and other governmental agencies without a problem except for one postmaster who insisted that a district judge sign the order.

I submit below the reasons why I think that the wage cases can be distinguished from the social security case of *Hildebrand v. Social Sec. Admin. (In re Buren)*, 725 F.2d 1080 (6th Cir.1984) *cert. denied* 469 U.S. 818, 105 S.Ct. 87, 83 L.Ed.2d 34 (1984) and the spendthrift trust case in *In re Watkins*, 95 B.R. 483 (W.D.Mich. 1988).

In its brief, the United States relies on the fact that repeals by implication are disfavored. I would not take issue with this. However, I would point to another rule of statutory construction, that "all laws are presumed to be consistent with each other." 73 Am.Jur.2nd *Statutes* § 254 (1974).

The anti-assignment provisions enacted by Congress serve an important function. It is not only to save some governmental clerk from pushing a few more keys on a computer but also to prevent fraud and even crimes. For years assignments of filed proofs of claims in bankruptcy cases have been allowed. But, upon filing such assignment, the court must at once send a notice to the creditor of the filing and he has a certain time in which to file an objection. Only after that time has expired or after a hearing, will the assignment be honored. Such a protective procedure

would be impossible with individual assignments. Promiscuous assignments of income tax refunds, social security claims, or other claims against governmental agencies could lead to frauds, undue influence or duress inflicted by relatives, "friends" or con men.

However, as indicated above, there are also good reasons for the payroll orders in bankruptcy courts. Chapter 13's can only be voluntary. In our court payroll orders are only entered with the consent of the debtors. The court should be able to prevent any of the possible wrongful acts that might occur in assignment cases. We do not consider the payroll order to be an assignment.

It is an administrative order to carry out the purposes of the United States Constitution and Congress in establishing uniform bankruptcy laws throughout the United States. U.S. Const. Art. I, § 8, cl. 4.

In *McLean v. Central States, Southeast and Southwest Areas Pension Fund,* 762 F.2d 1204 (4th Cir.1985) the Court found "no irreconcilable conflict between the effects of anti-assignment provisions of ERISA and the IRC in excluding pension interests from estate property under § 541(c)(2) and the authority conferred by § 1325(c) of the Bankruptcy Reform Act to issue pay orders affecting income of debtors" That court also refers to 11 U.S.C. § 1322(a)(1) which provides that a Chapter 13 plan shall provide for the submission of all necessary future income of the debtor to the control of the trustee. Of course 11 U.S.C. § 1306(a) provides that the assets of a Chapter 13 case includes "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted".

I realize that the 4th Circuit cited and refused to follow *In re Buren,* supra. We must follow *Buren* and *Watkins,* but I submit that the wage cases can be distinguished. Section 1306 is restricted to "earnings *from services performed* by the debtor *after* the commencement of the case." (underlining provided) Thus, it can be argued that Congress intended to restrict the payroll order of § 1325(c) to earnings from post petition services performed by the debtor. This would distinguish payroll orders from orders relating to social security and pension income.

The difference between the anti-assignment provisions on social security payments and enlisted servicemen's payroll checks is instructive. In *Buren* the anti-assignment statute, 42 U.S.C. § 407(a), provides:

> The right of any person to any future payments under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

In contrast the anti-assignment statute in the present case, 37 U.S.C. § 701(c) provides:

> An enlisted member of the Army, Navy, Air Force, or Marine Corps may not assign his pay, and if he does so, the assignment is void.

This statute only prohibits an enlisted member from assigning his pay, whereas 42 U.S.C. § 407(a) prohibits not only assignments but also transfers in law, equity or any legal process, including transfers in the "operation of any bankruptcy or insolvency laws".

In *Goad v. U.S.,* 661 F.Supp. 1073 (S.D. Tex.1987), *Aff'd in part, Vacated in Part,* 837 F.2d 1096 (Fed.Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1079, 99 L.Ed.2d 238 (1988), the bankruptcy court order alimony payments deducted from retired serviceman's payroll check and paid directly to his ex-wife. The district court found that the direct payments ordered by bankruptcy court did not entail an assignment but the enforcement of a court order.

I hope that the above may assist the appellate courts and the parties.