**Roland Lee GOAD, Plaintiff–Appellant,**

v.

**John Andrew ROLLINS, et al., Defendants–Appellees.**

**No. 90–2270 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 18, 1991.

Roland L. Goad, Huntsville, Tex., pro se.

Carol Nelkin, Houston, Tex., for Rollins & Haley.

Alice Giessel, Henry P. Giessel, Giessel, Stone, Barker & Lyman, Houston, Tex., for Stacy, Davis & Davis, III.

Mary L. Sinderson, Houston, Tex., for Mary B. Goad.

Sharon Stagg, Susan C. Stevenson, Hays, McConn, Price & Pickering, Houston, Tex., for Lewis, Miller, Huddleston and Brazos County.

Kirk D. Lyons, Jack Swisher & Associates, Houston, Tex., for Elna P. Davis.

Gary L. Bledsoe, Asst. Atty. Gen., Austin, Tex., for John Delaney.

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

Roland Lee Goad invoked 42 U.S.C. §§ 1983, 1988 against multiple defendants after his incarceration for contempt of court. The district court dismissed the claims as to all defendants by granting motions for summary judgment on several grounds, including judicial immunity, failure to state a claim on which relief can be granted, and failure to plead with the required specificity. Goad timely appeals. Finding this appeal to be frivolous we dismiss it, prohibit further like filings except as expressly specified, and remand to the district court for imposition of monetary sanctions against Goad.

### Background

Roland and Mary Beth Goad were divorced in 1980. Among other things Mary Beth Goad was awarded 12/27 of Roland Lee Goad's Air Force retirement benefits. In January 1985, after refusing to pay the required portion of the retirement pay to his former wife, Goad was found to be in contempt of court and was placed in the Brazos County jail. Upon payment of $4,000 into the registry of court Goad was released in October of 1985.

The instant action is to recover actual and punitive damages for alleged violations of Goad's constitutional rights as a result of the judgment of civil contempt and the subsequent incarceration. This is the sixth lawsuit filed by Goad relating to the military benefits. Sanctions previously have been awarded against Goad in both state and federal court as a result of his litigiousness. The state court ordered him to pay twice the costs of appeal because of his persistence in pursuing the matter in spite of adverse judicial rulings.

In 1987 Goad brought suit against the United States challenging the withholding, by the Air Force Accounting and Finance Center (AFAFC), of the portion of the payment due Mary Beth Goad. *Goad v. United States,* 661 F.Supp. 1073 (1987), *affirmed in part and vacated in part,* 837 F.2d 1096 (Fed.Cir.), *cert. denied,* 485 U.S. 906, 108 S.Ct. 1079, 99 L.Ed.2d 238 (1988). In that litigation the district court imposed monetary sanctions and forbade Goad to make any further filings until the fine was paid, stating

[t]his court cannot help but note and deplore the meanness of spirit with which this action is brought. Mr. Goad's persistent attempts to strip Mrs. Goad of the property granted to her by the divorce decree and to punish the AFAFC for honoring that decree can only be characterized as harassment. 661 F.Supp. at 1081.

On appeal we affirmed the imposition of sanctions. *Goad,* 837 F.2d at 1096.

In the case now before us, Goad named as defendants: (1) Mary Beth Goad; (2) John Rollins, Steven Haley, Pierce Stacy III, Alfred Davis, and Alfred Davis III, attorneys who represented Mrs. Goad at various times during the divorce proceedings in state court; (3) Elna Davis, an alleged coconspirator and a private individual who loaned Mrs. Goad money for legal fees; (4) Judge John Delaney, judge presiding over the contempt proceedings; (5) Allie Lewis, Bailiff to Judge Delaney; (6) Ron Miller, Sheriff of Brazos County; (7) John Haskell (dismissed by Goad), Leticia Wilkerson, Michael Fitzgerald, Ron Huddleston, John Godfrey, and Charles Blondeau, corrections officers, administrators, or other employees of the Brazos County sheriff's department; (8) Bill Cooley, Walter Wilcox, Billy Beard, and Milton Turner, Brazos County commissioners; and, added by petition, Brazos County.

Goad alleges nine causes of action against the various defendants: (1) deprivation of liberty without due process of law; (2) deprivation of constitutional rights based on the failure of Brazos County commissioners to provide a safe and suitable jail; (3) violation of constitutional rights based on the failure of Sheriff Miller to provide a safe and suitable jail; (4) unlawful search and invasion of privacy based upon an alleged warrantless search of his personal effects by the sheriff; (5) wrongful execution, levy, and conversion; (6) malicious abuse of civil process, conversion, and attempted extortion; (7) civil conspiracy and denial of his rights to a jury trial and due process; (8) wrongful garnishment; and (9) wrongful civil proceedings and wrongful injunction. The trial court granted summary judgment in favor of all defendants and Goad timely appeals.

*Analysis*

In his appeal Goad asserts every conceivable challenge to the actions of the trial court. He contests everything, including the dismissal of the claims against Judge Delaney, his courtroom staff, and the corrections officials based on judicial immunity; the failure to find the actions of private attorneys to be state action; and the dismissal of counts as insufficient to support a claim of a deprivation of a constitutional right under section 1983. He even challenges the application of a local rule that views the failure to respond to a motion for summary judgment as a representation of no opposition.

This appeal is patently frivolous and is dismissed as such. Loc.R. 42.2. The motions seeking to strike portions of Judge Delaney's brief and requesting that the court take judicial notice of adjudicative facts are denied. Goad's campaign to prevent his former wife from receiving what is rightfully hers, which succeeds only in wasting scarce judicial resources and harassing innocent citizens, must cease. Toward that end, monetary sanctions will be imposed against him in favor of all appellees in accordance with Rule 38 of the Federal Rules of Appellate Procedure. We remand to the district court for the setting of the proper amount as to each appellee. We further direct all clerks of court under the jurisdiction of this court to refuse to accept any further filings from Roland Lee Goad which in any way involve the payment of a portion of his Air Force retirement benefits to his former wife unless a judge of this court, or a judge of the forum district, first specifically authorizes the filing.

APPEAL DISMISSED, Loc.R. 42.2; sanction order ENTERED; matter REMANDED for entry of further sanctions under Fed.R.App.P. 38.