United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60499
Summary Calendar

TYREE W. BROWN,

Plaintiff-Appellant,

v.

DOW CHEMICAL COMPANY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-00027
--------------------

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Tyree W. Brown appeals the district court's denial of his motion for reconsideration and his FED. R. CIV. P. 60(b) motion seeking a determination that the district court lacked jurisdiction to address his initial complaint for damages arising from alleged exposure to pentachlorophenol. He argues that original jurisdiction in the case was vested in the state court.

Brown filed the complaint pursuant to the diversity jurisdiction of the district court because the named plaintiffs were all citizens of Mississippi and Dow Chemical Company is a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Delaware Corporation with its principal place of business in Michigan. The district court possessed subject matter jurisdiction in the case pursuant to 28 U.S.C. § 1332. Because Brown's argument has no arguable merit, his appeal is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Dow Chemical Company has filed a motion to recover monetary penalties pursuant to FED. R. APP. P. 38, arguing that the action is not only frivolous, but that it is submitted solely as a harassment tactic. Dow Chemical Company seeks damages, attorneys' fees, and double costs, and any other just and equitable relief that may be appropriate, including an order precluding Brown from filing further motions or appeals in this case.

If a circuit court "determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." FED. R. APP. P. 38.

Sanctions under Rule 38 are appropriate in this case. The arguments raised by Brown are frivolous, given the fact that he filed the complaint and properly invoked the district court's diversity jurisdiction. The dismissal of his underlying claims has already been affirmed by this court. Brown v. Dow Chemical Co., 57 F. App'x 212 (5th Cir. 2003). Brown's repeated frivolous motions for reconsideration can be construed only as a form of harassment

to the appellee and a waste of the federal courts' resources.  See Goad v. Rollins, 921 F.2d 69, 71 (5th Cir. 1991).

Brown is ordered to pay Dow Chemical Company its reasonable attorneys' fees and the costs it incurred on appeal and is warned that he can file no further actions or civil appeals until the sanctions are paid.  The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or civil appeal by Brown unless Brown submits proof of satisfaction of all sanctions.  If Brown attempts to file any further notices of appeal or original proceedings in this court without such proof, the clerk shall docket them for administrative purposes only.  Any submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged.  Brown is cautioned that any further frivolous filings in the district court or on appeal will subject him to additional sanctions.

Dow Chemical Company is directed to file a bill of costs together with an affidavit setting forth expenses and attorneys' fees reasonably incurred by it in connection with this appeal.  See FED. R. APP. P. 38 & 39.

APPEAL DISMISSED; SANCTION IMPOSED; SANCTION WARNING ISSUED; APPELLEE TO FILE A BILL OF COSTS AND AFFIDAVIT OF EXPENSES AND ATTORNEYS' FEES.