# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRACY ASKEW N/K/A TRACY RADER,
Appellant,
vs.
STANLEY ASKEW,
Respondent.

No. 66444

**FILED**

FEB 12 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a fast track appeal from a post-divorce decree district court order involving child custody. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

The parties divorced in 2005 and have frequently litigated the custody of their twin children both before and since the time of their divorce. The district court appointed a parenting coordinator and later restricted appellant's ability to file court motions, requiring an ex parte review of the proposed filing before the matter would be considered. After appellant refused to return the children to respondent's care at the end of her visitation, the court suspended appellant's visitation pending an independent psychological evaluation. Based in part on the results of the evaluation, the parenting coordinator recommended that appellant have supervised visitation conditioned upon appellant undergoing drug testing and attending therapy. Appellant requested the district court to remove the restriction on filing and place the matter of custody on the schedule, and separately opposed the parenting coordinator's custody recommendations. The district court did not allow appellant to file her motion regarding custody, but did consider appellant's opposition to the

16-04486

parenting coordinator's recommendation. The district court adopted the parenting coordinator's custody recommendations providing appellant conditional supervised visitation.

Having considered the parties' arguments and the record on appeal, we conclude that the district court abused its discretion when it continued to impose the court-filing restriction and prohibited appellant from filing her proposed motion.[1] *See Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 62, 110 P.3d 30, 44 (2005) ("[T]his court examines restrictive orders under an abuse of discretion standard."), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008); *see also Jones v. Eighth Judicial Dist. Court.*, 130 Nev., Adv. Op. 53, 330 P.3d 475, 479-80 (2014) (providing a four-element test for implementing court-access restrictions). A "restrictive order cannot issue merely upon a showing of litigiousness," *Jordan*, 121 Nev. at 61, 110 P.3d at 43 (internal quotations omitted), and "[t]he filings must be more than just repetitive or abusive," and must "be without an arguable legal or factual basis, or filed with the intent to harass," *Jones*, 130 Nev., Adv. Op. 53, 330 P.3d at 480. The district court order continuing the restriction on filing emphasized the protracted nature of the parties' custody dispute and the volume of motions filed, but

_____

[1]The district court described the restriction as a "GOAD Order," presumably alluding to *Goad v. United States*, 661 F. Supp. 1073, 1081-82 (S.D. Tex. 1987), *aff'd in part and vacated in part*, 837 F.2d 1096 (Fed. Cir. 1987), and *Goad v. Rollins*, 921 F.2d 69, 70-71 (5th Cir. 1991). We note, however, that sanctions and court-imposed restrictions on filing, like the one at issue here, are governed by NRCP 11 and Nevada's vexatious litigant case law. *Jones v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 53, 330 P.3d 475, 480 (2014).

failed to specifically identify which of appellant's previous filings were harassing and without arguable merit. Thus, the order failed to make "substantive findings as to the frivolous or harassing nature" of appellant's filings, and was an abuse of discretion. *Id.* at 482 (explaining that "conclusory statements" that a party's "filings have not been made in good faith and were filed only to harass is not sufficient").

The district court's adoption of the parenting coordinator's custody recommendation, however, was not an abuse of discretion. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision, including visitation, for an abuse of discretion). Substantial evidence supports the conclusion that supervised visitation contingent on appellant's therapy and drug testing serves the children's best interests. *See* NRS 125.480 (1999); *Castle v. Simmons*, 120 Nev. 98, 105, 86 P.3d 1042, 1047 (2004) (providing that in custody determinations the children's best interest is paramount); *see also Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that this court will uphold factual findings when they are supported by substantial evidence). Further, the district court did not abuse its discretion when it ordered and considered outside evaluations pursuant to EDCR 5.12(b), which provides that a court may appoint a neutral expert to perform an evaluation of a party. And while appellant invokes her fundamental right to parent and argues that it has been violated by the conditional visitation, she fails to consider respondent's equally strong liberty interest in raising the children, and the court's role to determine the best interest of the children. *Rico v. Rodriguez*, 121 Nev. 695, 704, 120 P.3d 812, 818 (2005) (explaining that because in a "custody dispute between two fit parents, the fundamental

constitutional right to the care and custody of the children is equal," these disputes are resolved by "applying the best interest of the child standard"). Because the district court did not abuse its discretion when it adopted the parenting coordinator's custody recommendations, we affirm that portion of the district court's order.

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jennifer Elliott, District Judge, Family Court Division
       Noggle Law PLLC
       Kelleher & Kelleher, LLC
       Eighth District Court Clerk